

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

FILED
MAR 26 2010
Clerk, U. S. District Court
Eastern District of Tennessee
At Knoxville

ELIZABETH GRIFFITH,

    Plaintiff,

vs.

NCO FINANCIAL SYSTEMS, INC.,

    Defendant.

Case No.

3:10-cv-124
Varlan/Guyton

## COMPLAINT FOR DAMAGES

### INTRODUCTION

1. This is an action for damages against the Defendant for violations of the Fair Debt Collection Practices Act., 15 U.S.C. §§ 1692 et seq.

### SUBJECT MATTER JURISDICTION

2. Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337 (federal question jurisdiction).

### PARTIES AND PERSONAL JURISDICTION

3. Plaintiff is a residence of this State, District and Division who is authorized by law to bring this action.

4. Defendant NCO FINANCIAL SYSTEMS, INC. is a corporation organized under the laws of the State of Pennsylvania, (Hereinafter said Defendant is referred to as "NCO".)

[1]

5. NCO is subject to the jurisdiction and venue of this Court.

6. NCO may be served by personal service upon its registered agent, to wit: NCO Financial Systems, Inc. c/o CT Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, TN 37929.

7. Other Defendants may be discovered in the course of litigation, and Plaintiff respectfully prays that the Court will permit the addition of later discovered parties upon motion.

## FACTS

8. NCO uses mail in its business.

9. NCO uses telephone communications in its business.

10. The primary purpose of NCO's business is the collection of debts.

11. NCO regularly collects or attempts to collect debts owed, or due, or asserted to be owed or due to another.

12. Defendant NCO is a debt collector subject to the provisions of the Fair Debt Collection Practices Act.

13. In the course of attempting to collect a debt allegedly due from Plaintiff to a business not a party to this litigation, Defendant communicated with Plaintiff in a fashion that violated the Fair Debt Collection Practices Act.

14. On Wednesday, April 1, 2009, NCO, via its collection agents, left a voice message on the Plaintiff's answering machine.

15. The message referenced in the above paragraph was left by a Mr. Livus, but failed to identify that he was calling on behalf of NCO.

[2]

16. In the message Mr. Livus directs Plaintiff to call "back today, the phone number is 1-866-231-4370. I am calling for the ID code: GX6365"

17. Plaintiff is informed, and therefore asserts, that the telephone number 1-866-231-4370 is a telephone number of NCO, or was an active telephone number for NCO on April 1, 2009.

18. Plaintiff is informed, and therefore asserts, that the ID code GX6365 is the account number NCO assigned to its collection of Plaintiff's Applied Bank account (see attached Exhibit A).

19. The message stated that Mr. Livus was calling from a debt collection company.

20. The message failed to state that any information obtained would be used for the purpose of collecting a debt.

21. The message was heard by parties other than the Plaintiff.

22. In the message, Mr. Livus failed to state that he was calling to confirm or correct location information.

23. NCO, by and through its collection agent employees, has left prior similar messages that also failed to make the necessary disclosures as required by law.

24. In communicating with Plaintiff, NCO violated the Fair Debt Collection Practices Act.

25. Plaintiff has complied with all conditions precedent to bring this action.

[3]

## CAUSES OF ACTION

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

26. The acts of Defendant constitute violations of the Fair Debt Collection Practices Act. Defendant's violations of the FDCPA include, but are not limited to, the following:

27. The placement of telephone calls without meaningful disclosure of the caller's identity, in violation of 15 U.S.C. § 1692d(6):

28. The use of any false, deceptive, or misleading representations or means in connection with the collection of any debt, in violation of 15 U.S.C. § 1692;

29. The failure to disclose in subsequent communications that the communication is an attempt to collect a debt and any information will be used for that purpose, in violation of 15 U.S.C. § 1692e(11); and

30. The disclosure of Plaintiff's debt to a third party, in violation of 15 U.S.C. § 1692c(b).

31. As a result of Defendant's actions, Plaintiff is entitled to an award of statutory damages, as well as an award of costs and attorney fees.

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT JUDGMENT BE ENTERED AGAINST DEFENDANT AND IN FAVOR OF PLAINTIFF AS FOLLOWS:

a) That Plaintiff be awarded statutory damages pursuant to 15 U.S.C. §1692k(a)(2);

b) That Plaintiff be awarded the costs of litigation including a reasonable attorney fee pursuant to 15 U.S.C. §1692k(a)(3);

c) That the Court declare all defenses raised by Defendant to be insufficient; and

d) That the Court grant such further and additional relief as is just in the circumstances.

Respectfully submitted this the 26th day of <u>March</u>, 2010.

*[signature]*

Justin A. Brackett, BPR #024326
Attorney for Plaintiff
1104 Merchants Drive, Suite 101
Knoxville, TN 37912
(865) 688-0868
consumerbk@comcast.net